IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOILERMAKER-BLACKSMITH NATIONAL )
PENSION FUND, and JOHN FULTZ as a )
fiduciary of the BOILERMAKER-BLACKSMITH )
NATIONAL PENSION FUND, )
                Plaintiffs, )
vs. ) Case No. 2:17-cv-2579
   )
KENTLEY ENTERPRISES, LLC, d/b/a )
MITCHELL WELDING, )
                Defendant. )
_____)

## COMPLAINT

Plaintiffs, for their cause of action against Defendant, Kentley Enterprises, LLC, d/b/a Mitchell Welding, state as follows:

### PLAINTIFFS' REQUEST FOR PLACE OF TRIAL

1. Pursuant to District of Kansas Rule 40.2, Plaintiffs hereby request that trial in this matter be held in Kansas City, Kansas.

### NATURE OF THE CASE

2. This is an action brought pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145 to collect fringe benefit contributions from the Defendant as are due and owing to the Plaintiff Employee Benefit Plan.

### PARTIES

3. Plaintiff Boilermaker-Blacksmith National Pension Fund (hereinafter "the Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Fund maintains its principal place of administration at 754 Minnesota Avenue, Kansas City, Kansas 66101, which is located within the territorial boundaries of the District of Kansas. The Fund is a "multi-employer

1

plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 186(c)(5).

4. Plaintiff John Fultz is a fiduciary of the Fund within the meaning of 29 U.S.C. § 1002(21), and as such, is a proper party to this action.

5. Defendant Kentley Enterprises, LLC is: A) a limited liability company organized under and existing by virtue of the laws of the state of Ohio; and B) operating in the state of Michigan under the assumed name Mitchell Welding. The Defendant is hereinafter referred to as "Mitchell". Mitchell is an employer within the meaning of 29 U.S.C. § 1002(5).

## JURISDICTION

6. This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. §§ 1132 and 1145, and also pursuant to 28 U.S.C. § 1331.

7. Whereas the Fund is administered in the District of Kansas, venue is appropriate in this district pursuant to 29 U.S.C. § 1132(e)(2).

## CAUSE OF ACTION

8. At all times relevant hereto, Mitchell has been a party to one or more collective bargaining agreements with the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL-CIO (hereinafter "Boilermakers International") and/or affiliate local unions of the Boilermakers International (collectively, "the Union").

9. The Fund is established and operated pursuant to a written agreement and/or declaration of trust. The agreement and/or declaration of trust is incorporated by reference into and is a material part of the collective bargaining agreement(s) between Mitchell and the Union.

10. At all times material and relevant to this action, Mitchell has employed employees who have performed covered work under the collective bargaining agreement(s).

11. Mitchell is obligated under the collective bargaining agreement(s) to timely submit reports and fringe benefit contributions to the Fund. Mitchell is required to submit contributions to the Fund each month in such amounts as determined by the number of hours of covered work performed by Mitchell's employees at the rates established for the Fund in the collective bargaining agreement(s).

12. The collective bargaining agreement(s) require that contributions due to the Fund are to be paid by the fifteenth (15th) day of the month following the month in which the work was performed, and payments are delinquent if not received by that date.

13. Under the Fund's written agreement and/or declaration of trust and by law, the Fund has the right to audit any of the books and records of employers obligated to remit reports and contributions to the Fund, in order to ensure that such employers are in compliance with their reporting and contribution obligations.

14. The Fund retained the services of Wilson McShane Corporation to conduct a compliance audit of Mitchell covering the period from January 1, 2013 through December 31, 2015 (hereinafter "Audit Period").

15. The audit was conducted and it revealed that Mitchell is liable to the Fund for additional delinquent contributions in the amount of thirty-two thousand, three hundred and twenty-seven and 86/100 dollars ($32,327.86) for unreported hours of covered work performed during the Audit Period. As a result, Mitchell is in breach of the collective bargaining agreement(s).

16. The collective bargaining agreement(s), the trust agreements, and ERISA provide remedies to the Fund in the event an employer fails to make required contributions. Among the remedies available are costs of collection, attorneys' fees, interest, and liquidated damages.

17. Pursuant to the collective bargaining agreement(s) and the trust agreement incorporated therein, Mitchell is liable to the Fund for liquidated damages of twelve percent (12%) of the delinquent contributions. Accordingly, Mitchell is liable to the Fund for liquidated damages in the amount of three thousand, eight hundred and seventy-nine and 37/100 dollars ($3,879.37) upon the delinquent contributions for the unreported hours of covered work performed during the Audit Period.

18. Pursuant to the collective bargaining agreement(s) and the trust agreement incorporated therein, Mitchell is liable to the Fund for interest at the rate of twelve percent (12%) *per annum* upon the delinquent contributions and the liquidated damages. Accordingly, as of October 5, 2017, Mitchell is liable to the Fund for accrued interest in the amount of eleven thousand, seven hundred and eighty-six and 07/100 dollars ($11,786.07) upon the delinquent contributions for the unreported hours of covered work performed during the Audit Period, and liquidated damages thereon. Interest continues to accrue.

19. The Fund has incurred attorneys' fees and other costs in its efforts to remedy Mitchell's failure to pay fringe benefit contributions. The Fund is entitled to recover these fees and costs pursuant to the terms of the collective bargaining agreement(s) and by law.

**WHEREFORE,** Plaintiffs pray that the Court enter an Order:

a) Finding that Mitchell is liable to the Fund in the amount of forty-seven thousand, nine hundred and ninety-three and 30/100 dollars ($47,993.30) (contributions - $32,327.86; liquidated damages - $3,879.37, and interest accrued through October 5, 2017 - $11,786.07) and entering judgment against Mitchell and in favor of the Plaintiffs for these amounts, plus interest that accrues from October 5, 2017 through the date judgment is entered;

b)      Awarding the Plaintiffs their costs of this action, including Plaintiffs' reasonable attorney's fees; and

c)      Granting the Plaintiffs such other relief that the Court deems just and proper, including interest that accrues during the pending of this action.

          Respectfully submitted,

          **BLAKE & UHLIG, P.A.**
          753 State Avenue, Suite 475
          Kansas City, Kansas 66101
          Telephone:  (913) 321-8884
          Facsimile:  (913) 321-2396

By    /s/ Carol A. Krstulic
       Carol A. Krstulic, KS Bar # 24122
       **ATTORNEYS FOR PLAINTIFFS**